UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Civil Action No. 05-180-HRW

IMOGENE WILEY,                                                                    PLAINTIFF,

v.                         **MEMORANDUM OPINION AND ORDER**

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,                       DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits on December 3, 2003 (Tr. 47-49), alleging disability beginning on August 28, 2003, due to chest pain, degenerative disc disease (Tr. 47). This application was denied initially and on reconsideration.

On March 5, 2005, an administrative hearing was conducted by Administrative Law Judge James D. Kemper (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified (Tr. 200-223). At the hearing, Ted Tanzey, a vocational expert (hereinafter "VE"), also testified (Tr. 223-225).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

2

On May 25, 2005, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 11-18). Plaintiff was 54 years old at the time of the hearing decision. She has an eighth- grade education. Her past relevant work experience consists of work as a deli worker.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 12, 17). The ALJ then determined, at Step 2, that Plaintiff suffered from degenerative joint disease of the left knee and degenerative disc disease of the cervical and lumbar spine, which he found to be "severe" within the meaning of the Regulations (Tr. 12-13, 17). At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 17). In doing so, the ALJ specifically considered listings 1.00, 1.02 and 1.04 (Tr. 13). The ALJ further found that Plaintiff could not return to her past relevant work (Tr. 17) but determined that she has the following residual functional capacity ("RFC"):

> [L]ift and/or carry up to but no more than twenty pounds occasionally and ten pounds frequently. She should never climb ladders, ropes or scaffolds, and should never crouch, kneel or crawl. She should only occasionally climb ramps / stairs and only occasionally stoop.

(Tr. 17).

3

Based upon this RFC, the ALJ, relying upon testimony of the VE, concluded that the Plaintiff could perform a significant range of light work, such as small parts assembler, produce sorter and kitchen helper (Tr. 17). The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 17, 224). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on September 12, 2005 (Tr. 11).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 4, 7 and 8] and this matter is ripe for decision.

### III. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by

4

substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

In seeking the reversal or a remand of the Commissioner's decision, Plaintiff refers to the record and cites several regulations as well as caselaw but neglects to articulate actual argument in support of her requested relief. "'[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" *McPherson v. Kelsey,* 125 F.3d 989, 995-996 (6th Cir. 1997), quoting ----. Further, "[i]t is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.'" *Id.*

Nonetheless, the Court has reviewed Plaintiff's motion in an effort to discern what errors she claims the ALJ committed. It appears that Plaintiff

5

contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ should have recontacted her treating physician for additional information and (2) the ALJ did not properly evaluate her credibility or properly consider her level of education.

First, Plaintiff argues that the ALJ should have recontacted her treating physician to obtain additional information. The regulations provide that when the record is inadequate, the ALJ will recontact the appropriate medical source to determine whether the additional needed information is readily available. 20 C.F.R. §§ 404.912(e).

Under the regulations, it is the **inadequacy** of the record which triggers the obligation re-contact the physician. Yet, Plaintiff does not argue that the record was inadequate or that there are additional records which were not included.

Further, the Court finds that, in this case, ALJ was under no compulsion to re-contact the treating source. *See* 20 C.F.R. 404.1512(e). Indeed, the ALJ had a full record before him, which included records from both treating and consultative sources. The Court finds no inadequacy in the record. Moreover, it is clear from his detailed decision that the ALJ carefully considered the findings of various medical sources, treating and otherwise, and formulated the RFC based upon the same.

6

The Court finds no error in the ALJ's assessment of the medical evidence. To the contrary, his decision appears to be based upon substantial evidence on the record as a whole.

With regard to the ALJ's assessment of Plaintiff's credibility, it is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). In this case, the ALJ found Plaintiff's credibility to be "fair at best" with regard to her subjective complaints. (Tr. 14). Subjective claims of disabling pain must be supported by objective medical evidence. *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 852-853 (6th Cir. 1986). Based upon the record, Plaintiff's subjective complaints do not pass *Duncan* muster. For example, the ALJ found that following initial treatment in the emergency room in 2003, Plaintiff had received only conservative treatment and no additional urgent care (Tr. 14). Further, the ALJ noted that although Plaintiff is unable to afford referral to a specialist, there is no indication that either she or her treating physician attempted to obtain assistance in this regard through the various patient assistance programs. Finally, the ALJ noted that although Plaintiff no longer does household chores, she continues to drive

7

short distances. Based upon the record, the ALJ concluded that while the record provided the basis for some restriction, as reflected in the RFC, it did not support a finding of debilitating or disabling impairment. The Court finds no error in this assessment.

As for Plaintiff's discontent with the ALJ's consideration of her education level, there is simply no evidence in the record which would support a finding of illiteracy. The relevant regulations define illiteracy as the "inability to read or write." 20 C.F.R. § 404.1564 (a)(1). The regulation further provides that, "[g]enerally, an illiterate person has had little or no formal schooling." *Id.* In this case, the record shows that Plaintiff has an eighth grade education. In addition, no Agency employee who has interviewed Plaintiff during the process of seeking benefits reported that she had difficulty reading the forms presented to her. Nor has Plaintiff stated that she has been unable to read the forms sent to her by the Social Security Administration. Given the lack of evidence, and the lack of cogent argument in this regard, the Court finds no error.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion

for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 19 day of July, 2006.

                                                Henry R. Wilhoit, Jr., Senior Judge